1 | Glenn R. Kantor Esq., State Bar No. 122643
     E-mail: gkantor@kantorlaw.net
2 | Beth D. Perez, Esq., State Bar No. 277560
     Email: bperez@kantorlaw.net
3 | KANTOR & KANTOR, LLP
   19839 Nordhoff Street
4 | Northridge, CA 91324
   Telephone:  (818) 886-2525
5 | Facsimile:  (818) 350-6272

6 | Attorneys for Plaintiff, DAVID COCHRAN

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | |
|---|---|
| DAVID COCHRAN, | Case No.: |
| Plaintiff, | COMPLAINT FOR: |
| vs. | BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974; ENFORCEMENT AND CLARIFICATION OF RIGHTS; PREJUDGMENT AND POSTJUDGMENT INTEREST; AND ATTORNEYS' FEES AND COSTS |
| RELIANCE STANDARD LIFE INSURANCE COMPANY and GROUP LIFE AND MEDICAL INSURANCE PLAN FOR EMPLOYEES OF THE CAPITAL GROUP COMPANIES, INC. | |
| Defendants. | |

    Plaintiff, David Cochran, herein sets forth the allegations of his Complaint against Defendants Reliance Standard Life Insurance Company and Group Life And Medical Insurance Plan For Employees Of The Capital Group Companies, Inc.

///

///

---

1

**COMPLAINT**

**PRELIMINARY ALLEGATIONS**

1. "Jurisdiction" – This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA.  Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question.  This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan, enforcing Plaintiff's rights under the terms of an employee benefit plan, and to clarify Plaintiff's rights to future benefits under the employee benefit plan named as Defendant.  Plaintiff seeks relief, including but not limited to: payment of benefits, prejudgment and post judgment interest, reinstatement to the benefit plans at issue herein, and attorneys' fees and costs.

2. Plaintiff was at all times relevant, an employee of Capital Group Companies, Inc. and a resident in the County of San Bernardino, State of California.

3. Plaintiff is informed and believes that Defendant Reliance Standard Life Insurance Company ("Reliance") is a corporation with its principal place of business in the State of Pennsylvania, authorized to transact and transacting business in the Central District of California and can be found in the Central District of California.  Reliance is the insurer of benefits under the Group Life And Medical Insurance Plan For Employees Of The Capital Group Companies, Inc., (hereinafter "LTD Plan") and acted in the capacity of a plan administrator and claims administrator. Reliance administered the claim with a conflict of interest and the bias this created affected the claims determination.

4. Reliance acted in a fiduciary capacity in administering Plaintiff's claim for benefits under the LTD Plan.

5. Plaintiff is informed and believes that Defendant LTD Plan is an employee welfare benefit plan regulated by ERISA, established by Capital Group

Companies, Inc., under which Plaintiff is and was a participant, and pursuant to which Plaintiff is entitled to Long Term Disability ("LTD") benefits. Pursuant to the terms and conditions of the LTD Plan, Plaintiff was entitled to long term disability while he remained disabled under the policy's definition of disability.

6. Plaintiff is entitled to LTD benefits for the duration of Plaintiff's disability, for so long as Plaintiff remains disabled as required under the terms of the LTD Plan. The LTD Plan is doing business in this judicial district, in that it covers employees residing in this judicial district.

7. The LTD Plan has an anniversary date of July 1 every year.

8. The LTD Plan at issue was offered, issued, delivered, renewed, or continued in force after January 1, 2012.

9. The LTD Plan at issue was offered, issued, delivered, renewed, or continued in force on each of its anniversary dates after January 2012.

10. Defendants can be found in this judicial district and the Defendant Plan is administered in this judicial district. The LTD claim at issue herein was also specifically administered in this judicial district. Thus, venue is proper in this judicial district pursuant to 29 U.S.C. § 1132(e)(2).

**FIRST CLAIM FOR RELIEF**
**AGAINST RELIANCE INSURANCE COMPANY AND GROUP LIFE AND MEDICAL INSURANCE PLAN FOR EMPLOYEES OF THE CAPITAL GROUP COMPANIES, INC. FOR PLAN BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST, AND ATTORNEYS' FEES AND COSTS**
**(29 U.S.C. § 1132(a)(1)(B))**

11. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

12. At all times relevant, Plaintiff was employed by Capital Group

Companies, Inc., and was a covered participant under the terms and conditions of the LTD Plan.

13. During the course of Plaintiff's employment, Plaintiff became entitled to benefits under the terms and conditions of the LTD Plan. Specifically, while Plaintiff was covered under the LTD Plan, Plaintiff suffered a disability rendering Plaintiff disabled as defined under the terms of the LTD Plan.

14. Pursuant to the terms of the LTD Plan, Plaintiff made a claim to Reliance for LTD benefits under the LTD Plan.

15. Reliance found Plaintiff to be disabled in February 2011 and began paying him benefits after he met the policy's waiting period.

16. Subsequently, Reliance found Plaintiff to be disabled under the LTD Plan's "Any Occupation Definition of Disability" and paid Plaintiff's disability claim under this definition of disability. Reliance continued to pay Plaintiff's claim under the LTD Plan's any occupation provision starting in July 2013.

17. In June 2015, Plaintiff's claim for LTD benefits was terminated by Reliance effective March 1, 2015. It was Reliance's position that Plaintiff no longer met the LTD Plan's Any Occupation Definition of Disability. Plaintiff timely appealed this determination.

18. Under the Federal Code of Regulations, Reliance had until April 2, 2016, to either render its decision on Plaintiff's request for reconsideration of the denial of his LTD benefits or notify him of the existence of "special circumstances" warranting an extension of up to 45 additional days in which to render its decision.

19. On February 25, 2016, Plaintiff submitted an Appeal Supplement with an additional report in support of his appeal. This submission moved Defendant Reliance's review or notice of "special circumstances" deadline to April 10, 2016.

20. On March 4, 2016, Reliance sent a Notice of Intent to Schedule and Independent Medical Examination ("IME") for Plaintiff. Defendant Reliance incorrectly stated in this letter that its need for the IME would "toll" the statutory

review period. Plaintiff treated this notice as notice of "special circumstances." Accordingly, Defendant Reliance then had until May 25, 2016 to complete its review and notify Plaintiff of its decision.

21. On July 19, 2016, 55 days beyond its deadline, Defendant Reliance sent a copy of a peer review report to Plaintiff for comment by his treating physician. Plaintiff submitted his response on August 10, 2016.

22. On September 21, 2016, 119 days beyond its deadline, Defendant Reliance sent Plaintiff notice that his IME had been scheduled for October 10, 2016, which was 138 days beyond its deadline.

23. To date, Defendant Reliance has yet to render a decision on Plaintiff's appeal.

24. Defendants Reliance and the LTD Plan breached the Plan and violated ERISA in the following respects:

(a) Failing to make a claim decision and failing to pay LTD benefit payments to Plaintiff at a time when Reliance and the LTD Plan knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the LTD Plan, as Plaintiff was disabled and unable to work and therefore entitled to benefits. Even though the LTD Plan and Reliance had such knowledge, Reliance denied Plaintiff's LTD benefits;

(b) Failing to provide a prompt and reasonable explanation of the basis relied on under the terms of the LTD Plan documents, in relation to the applicable facts and LTD Plan provisions, for the denial of Plaintiff's claims for LTD benefits;

(c) After Plaintiff's claim was denied in whole or in part, Reliance failed to adequately describe to Plaintiff any additional material or information necessary for Plaintiff to perfect Plaintiff's claim along with an explanation of why such material is or was necessary; and

(d) Failing to properly and adequately investigate the merits of

Plaintiff's disability claim and failing to provide a full and fair review of Plaintiff's claim.

25. Plaintiff is informed and believes and thereon alleges that Defendants wrongfully denied Plaintiff's disability benefits under the LTD Plan by other acts or omissions of which Plaintiff is presently unaware, but which may be discovered in this future litigation and which Plaintiff will immediately make Defendants aware of once said acts or omissions are discovered by Plaintiff.

26. Following the denial of benefits under the LTD Plan, Plaintiff exhausted all administrative remedies required under ERISA, and Plaintiff has performed all duties and obligations on Plaintiff's part to be performed under the LTD Plan.

27. As a proximate result of the aforementioned wrongful conduct of the LTD Plan and Reliance, and each of them, Plaintiff has damages for loss of disability benefits in a total sum to be shown at the time of trial.

28. As a further direct and proximate result of this improper determination regarding Plaintiff's LTD claim, Plaintiff in pursuing this action has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendants.

29. The wrongful conduct of the LTD Plan and Reliance has created uncertainty where none should exist, therefore, Plaintiff is entitled to enforce Plaintiff's rights under the terms of the LTD Plan and to clarify Plaintiff's right to future benefits under the terms of the LTD Plan.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Defendants as follows:

1. Payment of disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which he is entitled by virtue of his

disability, including without limitation life and health insurance benefits, and that LTD benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered by the claims administrator;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of prejudgment and post judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED: December 1, 2016
                              KANTOR & KANTOR, LLP

By: /s/ Glenn R. Kantor
Glenn R. Kantor
Beth D. Perez
Attorneys for Plaintiff,
David Cochran

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525